## Case No. 17,991.

WOODS et al. v. BUCKEWELL et al.

[2 Dill. 38; 7 N. B. R. 405; 6 Alb. Law J. 291.] [1]

Circuit Court, D. Missouri. 1872.

ASSIGNEE IN BANKRUPTCY—APPOINTMENT BY DISTRICT COURT—REVIEW.

1. The district court has large discretionary powers in matters of bankruptcy, and the circuit court will not interfere with the exercise of such powers, and set aside the appointment

[1] [Reported by Hon. John F. Dillon, Circuit Judge, and here reprinted by permission. 6 Alb. Law J. 291, contains only a partial report.]

by the district court of an assignee, in a case where it is only claimed that the district court erred in holding that no election had been made by the creditors, there being no allegation against the fitness of the person appointed.

[Cited in Re Adler, Case No. 82.]

2. Nature of the jurisdiction conferred upon the circuit courts by the second section of the bankrupt act [of 1867; 14 Stat. 517], considered by Mr. Justice Miller.

Petition for review of appointment of assignee in bankruptcy. O'Fallon & Hatch were adjudged bankrupts in the United States district court for the Eastern district of Missouri, on the petition of Archie Woods et al., creditors of said bankrupts. The usual warrant in bankruptcy was issued and a meeting of the creditors called thereunder for the purpose of electing an assignee. At that meeting there was a close contest among the creditors as to the person to be elected assignee. The register reported to the district court that twelve votes, representing debts amounting to $39,192.78, were cast for Leonard Matthews as assignee, and eleven votes, representing $33,456.43, were cast for Henry Overstolz, the other candidate for the assigneeship, and certified that Leonard Matthews had been elected. Several other claims, however, had been withdrawn, rejected, or postponed, and questions arose concerning the action of the register or of the claimants themselves thereon. The facts relating to such claims were also reported by the register to the district court. Exceptions to the register's report were filed by Robert A. Buckewell and other creditors, and upon a hearing thereof the district court adjudged that no election of assignee had been made by the creditors, and appointed Robert K. Woods as assignee. [Case unreported.]

The petitioning creditors in the original bankruptcy proceeding brought the present petition in the circuit court against those creditors who excepted to Mr. Matthews' election, alleging that Mr. Matthews had been duly elected, and asking the circuit court to review and reverse the action of the district court, to annul the appointment of Mr. Woods, and to declare Mr. Matthews duly elected.

Hendershott & Chandler, for petitioners. Basil Duke and Dryden & Dryden, for respondents.

MILLER, Circuit Justice. This is a petition for review of the proceedings at the election of the assignee of the bankrupt's estate. The election was a close one. There were twenty-three or twenty-four votes cast, and the register decided in favor of Leonard Matthews as the assignee, and against Henry Overstolz, the other candidate for the assigneeship. The proceedings at the meeting of creditors were brought to the attention of the district court, which held that there had been no election by the creditors, and appointed Robert K. Woods as assignee. It is not claimed in the petition that any objection exists against Mr. Woods, but the quarrel seems to be among the creditors themselves. This court is asked to examine the details of the election, to count the votes, and to go into the qualifications of the voters. Now, I do not consider that the bankrupt act contemplates the bringing of this class of cases before the circuit court for review. The second section of the act provides "that the several circuit courts of the United States, within and for the districts where the proceedings in bankruptcy shall be pending, shall have a general superintendence and jurisdiction of all cases and questions arising under this act; and, except where special provision is otherwise made, may, upon bill, petition, or any other proper process, of any party aggrieved, hear and determine the case in a court of equity." To decide upon the legality of the votes or the qualifications of creditors involves no principle of equity, unless fraud in the election is alleged. The district courts are vested with large discretionary powers, in reference to the appointment and approval of assignees. Section 13 of the act contains the following provisions: "The creditors shall at the first meeting held after due notice from the messenger, in presence of a register designated by the court, choose one or more assignees of the estate of the debtor; the choice to be made by the greater part in value and in number of the creditors who have proved their debts. If no choice is made by the creditors at said meeting, the judge, or, if there be no opposing interest, the register, shall appoint one or more assignees. * * * All elections or appointments of assignees shall be subject to the approval of the judge; and when in his judgment it is for any cause needful or expedient, he may appoint additional assignees or order a new election." The discretionary power thus vested in the district court could scarcely be in stronger terms. Assignees and registers are but officers of the court and subject to its orders. The chief difficulty complained of concerning district judges (and in saying this I am not to be understood as referring to Judge Treat) in connection with the bankrupt law has been that they do not hold a strong enough hand over the officers of the court, and see that they are prompt and efficient in the discharge of their duties. Such being the case, I shall not be the first to interfere with the discretionary powers of the district court in regard to the appointment and control of its officers. The petition is dismissed.

Petition dismissed.